[Civ. No. 16871.   Second Dist., Div. One.   Oct. 27, 1949.]

EARL EUGENE SEALS, Respondent, v. SIMON V. JUBAS
et al., Appellants.

Pacht, Warne, Ross & Bernhard, Bernard Reich and Frank
J. Kashare for Appellants.

Newlin, Holley, Sandmeyer & Tackabury and Frank R.
Johnston for Respondent.

DORAN, J.—In the within action for damages for personal
injuries the jury returned a verdict for plaintiff and from the
judgment that followed defendants appeal.

Plaintiff, a truck driver, was backing a truck which collided
with an automobile driven by defendant Simon Jubas. An
argument resulted and then a fight during which plaintiff
alleges, ''defendants, and each of them, wrongfully and vio-
lently, assaulted plaintiff, struck and beat plaintiff in the face,
head and body, knocked plaintiff to the pavement and kicked
him in and about the stomach, back and other parts of his
body.'' It is further alleged that as a ''result of the aforesaid
assault, beating and kicking, plaintiff suffered severe personal
injuries consisting of, among others, ruptures of the abdominal
viscera; perforation of the small intestine and the omentum
of the stomach; internal, abdominal bruises''; as well as
other related injuries. It is further alleged that, ''on account

of the aforesaid injuries, plaintiff was continuously hospitalized for an approximate period of five weeks, has undergone two major abdominal, surgical operations, has had surgical operation on malignant ulcers of both heels.''

It is contended on appeal that the verdict, ''was against the overwhelming weight of the evidence and must have been reached on the basis of sympathy in favor of the plaintiff and prejudice against the defendants''; that ''Plaintiff failed to establish the necessary causal connection between his injuries and the alleged acts of the defendants''; and that certain errors relating to admission of evidence and examination of witnesses prejudiced defendants.

The evidence was conflicting as to just what occurred during the fight and, it may be conceded that, as appellant argues, ''the jury could have found that the kicks were administered by persons other than defendants.'' It does not follow however as a matter of law that such a situation demands or justifies a reversal on appeal. An examination of the record reveals sufficient evidence, despite the conflict, to support the verdict. It is well settled that in such circumstances the verdict, in the absence of prejudicial errors will not be disturbed on appeal.

That the causal connection was also established by sufficient evidence there can be no question. Other contentions as noted above were considered by the trial judge on a motion for a new trial and held insufficient. The same conclusion appears justified on appeal.

For the foregoing reasons the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 10, 1949, and appellants' petition for a hearing by the Supreme Court was denied December 22, 1949.